### CHAUNCEY PAGE *vs.* JOHN P. MONKS.

On an agreement, for one entire sum, to convey flats and fill them up to a certain level, the promisee, after receiving such conveyance and paying the sum, may maintain an action for breach of the promise to fill up, notwithstanding the statute of frauds.

A reference of an action by rule of court is a waiver of all objections to the form of the declaration.

ACTION OF CONTRACT upon an agreement by which the defendant, in consideration of the sum of $6,500 to be paid him by the plaintiff, agreed to convey to the plaintiff a certain parcel of flats between high and low water mark in Boston Harbor, and to fill them up with earth in a reasonable time to a suitable height for use, above the level of ordinary high tides The

declaration set forth this agreement; and then alleged that the defendant conveyed the land to the plaintiff, and the plaintiff paid or secured said sum to the defendant; but that the defendant had neglected to fill up the land.

The case was referred by rule of court. The referees made a report, in which they set forth the pleadings, and stated that it was proved to their satisfaction that there was a verbal agreement between the parties, substantially as set forth in the declaration; that the land was not filled when the agreement was made; that the defendant had since made and delivered to the plaintiff a deed of the land, and had received of the plaintiff his note for the purchase money, secured by mortgage of the land; but that a portion of the land had not been filled up; and awarded a certain sum in favor of the plaintiff, in case the court, upon these facts, and notwithstanding the statute of frauds, which was relied on by the defendant at the hearing before the referees, should be of opinion that the action could be maintained. The plaintiff now moved for the acceptance of the award.

*R. Choate & W. H. L. Smith*, for the plaintiff. All technical objections to the plaintiff's mode of stating his case are waived by the submission to referees. *Merrill* v. *Gold*, 1 Cush. 457.

This contract, in its nature and by its terms, was divisible; it was to convey, and fill—two acts, either of which could be done before or without the other. The consideration was also divisible, as all sums of money are. The fact that one part of it is within the statute of frauds is no reason for defeating an action on the other part. *Rand* v. *Mather*, 11 Cush. 1. *Irvine* v. *Stone*, 6 Cush. 508, and cases cited. *Wood* v. *Benson*, 2 Cr. & J. 94, and 2 Tyrwh. 93. *Dock* v. *Hart*, 7 W. & S. 172.

The contract, if originally entire, has been severed by the performance of the only part which required written evidence to support it; and there is no longer, if there ever was, any objection to enforcing the performance of the remainder. The principal part, to which objection might have been made, having been performed, the incidental part, to which the statute does not apply, is the only matter in dispute. *Stone* v. *Dennison*, 13

Pick. 1. *Brown* v. *Bellows*, 4 Pick. 189. *Pierce* v. *Woodward*, 6 Pick. 206. *Davenport* v. *Mason*, 15 Mass. 85. *Leinau* v. *Smart*, 11 Humph. 308. *Rogers* v. *Tracy*, 1 Root, 233. *Cone* v. *Tracy*, 1 Root, 479. *Noyes* v. *Moor*, 1 Root, 142. *Boydell* v. *Drummond*, 11 East, 152.

A contract for the sale or conveyance of land may always be proved by parol, for any other purpose than to maintain an action upon it. *Wilkinson* v. *Scott*, 17 Mass. 249. *Kidder v. Hunt*, 1 Pick. 328. *Seymour* v. *Bennet*, 14 Mass. 266. *Powell* v. *Monson & Brimfield Manuf. Co.* 3 Mason, 347.

*C. G. Loring & C. W. Loring*, for the defendant. The plaintiff cannot maintain his action; as his declaration is upon an oral contract for the conveyance of lands, on which, by the statute of frauds, no action shall be brought. Rev. Sts. *c.* 74, § 1, *cl.* 4. *Mechelen* v. *Wallace*, 7 Ad. & El. 49. *Irvine* v. *Stone*, 6 Cush. 508. *Chater* v. *Beckett*, 7 T. R. 201. *Falmouth* v. *Thomas*, 3 Tyrwh. 26, and 1 Cr. & M. 89. *Hill* v. *Hooper*, 1 Gray, 131. *Kelly* v. *Webster*, 12 C. B. 283.

The contract is one and indivisible—to sell the land and fill up the flats; no action could originally have been maintained on one part separately; and the filling of the flats could not enure to the benefit of the plaintiff without a conveyance of the land. Cases already cited. 1 Parsons on Con. 379. *Cooke* v. *Tombs*, 2 Anstr. 420. *Wood* v. *Benson*, 2 Tyrwh. 93, and 2 Cr. & J. 94. *Townsend* v. *Townsend*, 6 Met. 319.

The original contract not being binding in law, there cannot be any part performance of it. But admitting that there can be a part performance, part performance of a void contract does not take it out of the statute of frauds. *Kidder* v. *Kidder*, 1 Pick. 328. *Adams* v. *Townsend*, 1 Met. 483, and cases cited. *Townsend* v. *Townsend*, 6 Met. 319. *Jacobs* v. *Peterborough & Shirley Railroad*, 8 Cush. 223. *Thompson* v. *Gould*, 20 Pick. 134. *Mechelen* v. *Wallace*, 7 Ad. & El. 49. *Cocking* v. *Ward*, 1 C. B. 858. *Jackson* v. *Pierce*, 2 Johns. 223.

MERRICK, J. The only objection urged against the acceptance of the award is, that by the provision of the statute of frauds, relative to contracts for the sale of real estate, or of any

interest in or concerning it, the plaintiff was precluded from maintaining this action upon the allegations and for the cause of action set forth in the declaration. Rev. Sts. *c.* 74, § 1, *cl.* 1.

An oral, as well as a written contract, may embrace various stipulations, which consist of several parts, having relation to distinct objects and purposes, and imposing upon the parties to it distinct duties and obligations. In such agreements, it is obvious that some of the stipulations may be, while others of them are not, affected by the provisions of the statute of frauds. Inquiries in relation to contracts of that kind have often arisen, and the validity and legal effect of them been judicially ascertained and determined; and there are certain rules and principles applicable to them, which may now be considered as fully established. A contract is not necessarily void, or wholly inoperative, because it consists in part of promises and engagements, for the breach or disregarding of which the statute neither affords nor allows any remedy by an action at law. In such cases, whether any of those promises or engagements can be enforced must depend upon the manner and extent of their connection and combination with the rest. If the contract is in its nature entire, and its parts are incapable of separation or division, then, though some of its stipulations are not, if others of them are affected by the statute, no action can be brought or maintained upon it. But it is otherwise if the parts are severable. 2 Parsons on Con. 298, 299, and cases cited. And in *Rand* v. *Mather*, 11 Cush. 1, it was decided by this court, that if part of an agreement is void by the statute of frauds, another part, which would be valid if it stood alone, may be held valid, if it can be separated from the part which is void.

It is upon this last ground, that the plaintiff claims that he is entitled to judgment. And from a consideration of the facts reported by the referees, it very clearly appears that the contract between the parties did consist of several parts, and of distinct engagements which were susceptible of separation and division ; and also that, by their acts, those parts had in fact been divided and separated before the commencement of this action. The contract was a very plain and simple one. For a certain and speci

fied consideration, the defendant agreed with the plaintiff to do two things, each of which was wholly distinct and different from the other. In the first place, he was to convey a particularly designated tract of land to the plaintiff; and in the next, to furnish certain material and perform certain labor upon the land for his benefit. This contract was undoubtedly entire ; but its parts were not inseparable. Until, by the action of the parties, those parts were separated in fact, no action could have been main tained by either of them against the other for any neglect or refusal to perform his agreement.

In this respect, the case is like that of *Irvine* v. *Stone*, 6 Cush. 508. There the defendant verbally contracted to purchase a cargo of coal, then in Philadelphia, at a stipulated price, and to pay the cost and expense of the freight of it from thence to Boston. The coal was transported to Boston, and tendered to the defendant, but he refused to accept or to pay for it. The action was brought for the freight only. The court said : " The part which respects the transportation stands wholly on the other part which respects the sale, and which is invalid : and both must fall together." 6 Cush. 512. But if the defendant had accepted and paid the stipulated price for the coal, a separation would then have taken place, and the plaintiff would have found no difficulty in maintaining his action for the freight.

It was so in the present case. Every thing in relation to the sale and conveyance of the land was voluntarily performed by the parties, according to the terms of the contract. The defendant executed and delivered the deed of conveyance, and received the full consideration for which he had agreed to make it. Nothing concerning this part of their agreement was left unfinished. But the promise of the defendant to furnish the requisite material and perform the necessary labor to fill up the land to a suitable height for use above the level of ordinary high water was still unperformed. That was left alone, but it was completely separated from any other stipulation ; and nothing remained to be done by either of the parties under the contract, but for the defendant to fulfil the promise. He had received full compensation for the material he was to

supply and the work he was to do. The sixty five hundred dollars which he accepted from the plaintiff was the consideration to be paid to him, not for the land alone, but for that and for the improvement to be made upon it. There was no new bargain between the parties when the land was conveyed by the defendant, and when he received and accepted from the plaintiff the payment both for the land and the improvement which he had contracted to make upon it. Having thus completely separated the parts of the contract from each other, he is liable for his nonperformance of that portion of it, to which ʼhe provision of the statute of frauds has no application.

The contract, or part of the contract, upon which the plaintiff is entitled to recover damages in this action is not perhaps accurately or sufficiently alleged in the declaration, if tested by legal principles or the rules of pleading. But by the course of proceeding in the case, this has become immaterial. By the reference of the action under rule of court, all technical exceptions to the form of the declaration were virtually waived by mutual consent. It is enough that the declaration substantially develops the cause of action upon which the damages found by the referees have been awarded. *Merrill* v. *Gold*, 1 Cush. 457.

*Judgment on the award for the plaintiff*